PHILANDER GORDON *vs.* TIMOTHY E. PARMELEE & others.
GEORGE A. GORDON *vs.* SAME.

In an action upon a note given for the price of land, the defendant cannot be allowed to prove, by way of recoupment in damages, that the plaintiff made false representations as to the quality and productiveness of the soil, and the number of acres contained within boundaries which were truly pointed out, by which the defendant was deceived and thereby induced to make the purchase.

If a defendant claims a reduction from the amount of a promissory note given by him for the price of land, by reason of false representations made to him by the plaintiff, by which he was misled and thereby induced to make the purchase, the plaintiff may introduce in evidence the declaration in an action brought by the defendant against the plaintiff and afterwards discontinued, to recover damages for certain specified misrepresentations made by the plaintiff in the same transaction, for the purpose of limiting the claim set up in defence, although it is not proved that the defendant dictated or had knowledge of the precise allegations contained in the declaration.

Two actions of contract, tried and argued together, on promissory notes given by the defendants in payment for a farm and a detached piece of woodland.

At the trial in the superior court, before *Rockwell*, J., it appeared that the bargain for the land was made upon the premises, and that the defendants had viewed the same with reference to the purchase, and passed over the wood lot at several times before the purchase, in different directions. The defendants offered to show that the treaty for the purchase was made when the land was covered with snow, and that the plaintiffs falsely represented that the farm was of a soil, and a capacity for productiveness and the keeping of stock, greatly superior to what it was in fact; and that they had no means of judging of the same except from the representations of the plaintiffs, on which they relied, and were thereby induced to make the purchase; but the evidence was excluded. They also offered to show that the wood lot was so rough and uneven that its actual extent could not be seen from any point, and that the plaintiffs falsely pointed out boundaries as the true ones which included lands of adjoining owners, and falsely represented that a portion thereof lying under a ledge, and so situated that no judgment

as to its quantity approaching correctness could be formed by inspection, contained fifty acres, knowing that in fact it only contained twenty eight acres. The defendants claimed a right to recoup in damages for all these false representations; but the court ruled that they could recoup only for the value of the land lying between the boundaries pointed out and the true bounds, and not for false representations as to the number of acres, and if no false representations were made as to the boundaries, no deduction should be made from the notes.

The plaintiffs offered in evidence the declaration in an action brought by the defendant Parmelee against the plaintiffs, to recover damages for certain specified false representations alleged to have been made by them in selling this land, and afterwards discontinued, for the purpose of showing that the claim then made by Parmelee was less than the claim now set up by him. This was objected to, unless it should also be shown that Parmelee dictated or had knowledge of the precise allegations contained in the declaration; but the court allowed the evidence to be introduced.

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*I. Sumner & H. L. Dawes,* for the defendants, cited, on the first point, *Irving* v. *Thomas,* 18 Maine, 418; *Wyman* v. *Heald,* 17 Maine, 329; *Harrington* v. *Stratton,* 22 Pick. 510; *Perley* v. *Balch,* 23 Pick. 283; *Cook* v. *Castner,* 9 Cush. 277; *Mayor &c. of New York* v. *Mabie,* 3 Kernan, 157; *Westcott* v. *Nims,* 4 Cush. 215; *Ives* v. *Van Epps,* 22 Wend. 155; *Whitney* v. *Allaire,* 1 Comst. 305; and on the second point, 1 Greenl. Ev. § 206; *McKeen* v. *Gammon,* 33 Maine, 187; *Bump* v. *Smith,* 11 N. H. 48.

*J. E. Field,* for the plaintiffs.

BIGELOW, C. J.   The alleged false statements concerning the productiveness of the land and its capacity to furnish support for cattle constituted no defence to the notes. They fall within that class of affirmations, which, although known by the party making them to be false, do not as between vendor and vendee afford any ground for a claim of damages either in an action on

the case for deceit, or by way of recoupment in a suit to recover the purchase money. They come within the principle embodied in the maxim of the civil law, *simplex commendatio non obligat.* Assertions concerning the value of property which is the subject of a contract of sale, or in regard to its qualities and characteristics, are the usual and ordinary means adopted by sellers to obtain a high price, and are always understood as affording to buyers no ground for omitting to make inquiries for the purpose of ascertaining the real condition of the property. Affirmations concerning the value of land, or its adaptation to a particular mode of culture, or the capacity of the soil to produce crops or support cattle, are, after all, only expressions of opinion or estimates founded on judgment, about which honest men might well differ materially. Although they might turn out to be erroneous or false, they furnish no evidence of any fraudulent intent. They relate to matters which are not peculiarly within the knowledge of the vendor, and do not involve any inquiry into facts which third persons might be unwilling to disclose. They are, strictly speaking, *gratis dicta.* The vendee cannot safely place any confidence in them; and if he does, he cannot make use of his own want of vigilance and care in omitting to ascertain whether they were true or false as the basis of his claim for damages in reduction of the amount which he agreed to pay for the property.

The representations concerning the quantity of land which formed the subject of the contract come within the same principle. The vendors pointed out to the vendees the true boundaries of the land which they sold. This fact is established by the verdict of the jury under the instructions which were given at the trial. The defendants had therefore the means of ascertaining the precise quantity of land included within the boundaries. They omitted to measure it, or to cause it to be surveyed. By the use of ordinary vigilance and attention, they might have ascertained that the statement concerning the number of acres, on which they placed reliance, was false. They cannot now seek a remedy for placing confidence in affirmations which, at the time they were made, they had the means and opportunity

to verify or disprove. Sugd. on Vend. 6, 7. *Scott* v. *Hanson,* 1 Sim. 13. *Medbury* v. *Watson,* 6 Met. 246. *Brown* v. *Castles,* 11 Cush. 348.

The declaration in the former suit was rightly admitted. It was in the nature of an admission by the defendants of the nature and amount of damages which they claimed of the present plaintiffs in reduction of the amount due on the notes. The declaration was not a mere technical statement of a cause of action by an attorney, but it contained specific averments of the representations which the defendants alleged to be false, and which must have been derived from them. It was therefore the statement of their agent, while employed and acting within the scope of his agency. *Currier* v. *Silloway,* 1 Allen, 19.

*Exceptions overruled.*